## HAM & UX. *vs.* BOODY.

In assumpsit, the declaration alleged that in June, 1832, Mrs. Ham delivered two sheep to the defendant, to be kept until the first day of July, 1836, and that the defendant promised to deliver to her at that time, four sheep. The only evidence was that she wrote a letter to her mother, who then went to the defendant's house, and told him that she was come to get the sheep and the increase of them. He answered that they had been there but three years, and were to remain a year longer. The next year her mother made another demand, and he said he should not deliver them, "because Mr. or Mrs. Ham might claim them again." There were also counts for goods sold, work and labor, and the money counts. *Held*, that the evidence would not maintain any of the counts.

ASSUMPSIT. The declaration alleged that on the first day of July, 1832, it was agreed between Mrs. Ham and the defendant that she should deliver to and put into the possession of the defendant, two sheep, the property of Mrs. Ham, which the defendant was to have and keep from that day until the first day of July, 1836 ; in consideration whereof the defendant promised her that he would, at the expiration of the time, return and deliver to her four sheep ; and that she, confiding in his promise, did deliver to him two sheep, on the first day of July, 1832, &c.

The second count was upon an account annexed, as follows :

"July, 1836.  To four sheep, at $2.50, . . . . . $10.00
　　　　　　To increase of same, July, 1836,　10.00
　　　　　　　　　　　　　　　　　　　　　　　　　$20.00"

Ham & Ux. v. Boody.

There were also counts for goods sold, work and labor, and the money counts.

At the trial upon the general issue, the following facts were proved by the plaintiffs :

Mrs. Ham was married in the year 1830. At the time of her marriage she owned two sheep, which were then kept by her grandmother. She lived at Bangor, in Maine, from the year 1833 to the year 1841, and from that place wrote a letter to her mother, Mrs. Watson, who then, in the spring of the year, went to the defendant's house at Strafford, and told him she had come to get the sheep, and the increase of them. He answered that the time was not out; that they had been there but three years, and that they were to remain a year longer. In the spring of the next year Mrs. Watson called again on the defendant for the sheep, and he told her that he should not deliver them, because Mr. or Mrs. Ham might claim them again.

In the year 1841 Mrs. Ham came to Dover, and her husband went to Georgia, where he was at the time of the trial.

The defendant objected that these facts did not sustain the action, but the court ruled that the evidence was competent to be submitted to the jury. A verdict was then taken for the plaintiff, by consent, subject to the opinion of this court.

*Hale,* for the plaintiff.

*James Bell,* for the defendant.

Gilchrist, J. The evidence in this case does not tend to prove any of the causes of action stated in the declaration. As to the first count, the only evidence which has any tendency to show that the defendant had any sheep under a contract with any body, is contained in his answer to Mrs. Watson when she made the first demand. He then said that the sheep " had been there but three years, and

Ham & Ux. *v.* Boody.

that they were to remain a year longer." Upon this evidence, the demand was premature, and that is a sufficient answer to it. His language seems to admit—or at least does not deny—that Mrs. Watson was an agent for somebody; and she does not seem to have made the demand on her own account; but he might safely admit that she was the plaintiffs' agent, *pro hac vice,* as he had a good answer to the demand without taking that objection. But there is, in fact, thus far no evidence that the sheep belonged to the plaintiffs.

When Mrs. Watson made the second demand, she did not show the defendant that she had any authority to act for the plaintiffs. His objection was that a delivery of the sheep to her would not preclude the plaintiffs from calling on him again for them; and this is, in substance, an objection that she was not authorized to receive them. This objection was sufficient; for he was not bound to deliver them to any person who chose to call himself the plaintiffs' agent, but who produced no authority to act in that capacity. This remark of his is the only evidence that tends to prove that the sheep belonged to the plaintiffs, and there is nothing at all which shows what was their number.

The remarks we have made will apply to all the counts, for upon these facts the plaintiffs cannot recover, in whatever manner they may state their case.

*Verdict set aside.*